**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RUSSELL TINSLEY, | : | |
| | : | Civil Action No. 08-1251 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| GERALD DEL ROSSO, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Russell Tinsley, Pro Se
Atlantic County Justice Facility
#160169
5060 Atlantic Avenue
Mays Landing, NJ 08330

**BUMB**, District Judge

　　Plaintiff Russell Tinsley, currently confined at Atlantic County Justice Facility, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

　　At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, the Complaint will be dismissed, without prejudice.

## BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and attachments thereto.

Plaintiff has been confined at the Atlantic County Justice Facility since January 15, 2008.  Since entering the jail, he is charged with a $50.00 "user fee" per month.  He states that he is "being denied access to the courts, attorneys, law library and to free legal mail or free legal telephone call privileges." (Plaintiff's Complaint, ¶ 6).

Plaintiff further complains that he has requested Inmate Social Services for legal assistance regarding the denial of access to the law library and to legal mail and telephone calls.

He seeks to sue the following defendants: Gerald Del Rosso, Governor Jon S. Corzine, Warden Theodore J. Hutler, Jr., Captain S. Murry, Captain James D. Murphy, Inmate Social Services, Counselor Robin Holmes, and Counselor Vernon Beard.  Plaintiff does not assert any specific claims against these defendants, except to say that Warden Hutler has subjected him to a $50.00 per month "user fee", the jail is overcrowded, he is being denied access to the law library, courts, and attorneys, and has not

been provided free legal mail and legal phone calls.  Plaintiff also asserts claims against defendants Captains Murphy and Murray, stating that they have denied his requests for "greater access" to the Courts, attorneys, the law library and legal mail, and free legal phone calls.

Plaintiff attaches to his Complaint various Inmate Request Forms.  In what Plaintiff has titled "Exhibit A #1", Plaintiff complains that there is no law library at the facility, no free phone calls and no free legal mail privileges.  The response he received indicated that Plaintiff had not submitted any Westlaw requests for legal assistance.

In Exhibit A #2, Plaintiff was provided a copy of a letter from Plaintiff's legal counsel, wherein counsel enclosed two stamped envelopes for legal mail, and counsel asked Plaintiff to provide the name of his social worker to set up a conference call.

In Exhibit A #3, Plaintiff requested the case number of his Pennsylvania cases.

In Exhibit B #1, Plaintiff provides a response from Captain Murray, which states that the facility does not have a law library, but instead provides access to Westlaw legal service.  The response indicates that Plaintiff had not provided any requests for Westlaw service, and therefore, Plaintiff's allegation of being denied access to courts was "unfounded."

In Exhibit B #2, Plaintiff attaches a response from Captain Murphy regarding his allegation of being denied legal mail and free legal calls. Murphy advised Plaintiff in the response that there were no records of requests from Plaintiff to mail legal correspondence or to make legal calls. The response advises Plaintiff to contact his counselor to process legal correspondence or to place a legal phone call.

Exhibits C, D, and E are grievance forms filed by Plaintiff concerning the access issues. Plaintiff complains that providing Westlaw instead of a law library "totally disregards" federal law.

Plaintiff asks for a new law library, and monetary relief.

## DISCUSSION

### A. Standard of Review

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). While a court will accept well-pled allegations as true, it will not accept bald assertions,

4

unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, ---U.S. ----, ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v.

5

Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

**B.   42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.      **Plaintiff's Access to Courts Claims**[1]

Plaintiff's Complaint fails to state a claim for denial of the right of access to courts. The constitutional right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances. See Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741 (1983). In addition, the constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights. See Procunier v. Martinez, 416 U.S. 396, 419 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). See also Peterkin v. Jeffes, 855 F.2d 1021, 1036 n.18 (3d Cir. 1988) (chronicling various constitutional sources of the right of access to the courts).

In Bounds v. Smith, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by

---

[1] Plaintiff alleges no facts indicating any wrongdoing by Gerald Del Rosso, Governor Corzine, and Counselors Holmes and Beard. Therefore, these defendants will be dismissed from this action. Further, Plaintiff's bald assertion that the jail is "overcrowded" will be dismissed, as Plaintiff alleges no facts indicating any constitutional violation.

providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  The right of access to the courts is not, however, unlimited.  "The tools [that Bounds] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any <u>other</u> litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  <u>Lewis v. Casey</u>, 518 U.S. 343, 355 (1996) (emphasis in original).

    Additionally:

> <u>Bounds</u> did not create an abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.  ...  [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a [non-frivolous] legal claim.  He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint."

<u>Lewis</u>, 518 U.S. at 351.

    In describing the scope of services which must be provided by the state to indigent prisoners, the Supreme Court has stated, "[i]t is indisputable that indigent inmates must be provided at

y
z

state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them. ... This is not to say that economic factors may not be considered, for example, in choosing the methods used to provide meaningful access. But the cost of protecting a constitutional right cannot justify its total denial." Bounds, 430 U.S. at 824-25, clarified on other grounds, Lewis v. Casey, 518 U.S. 343. Thus, "there is no First Amendment right to subsidized mail or photocopying. [Instead], the inmates must point to evidence of actual or imminent interference with access to the courts." Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997).

    Thus, a prisoner alleging a violation of his right of access must show that prison officials caused him past or imminent "actual injury." See Lewis, 518 U.S. at 348-55 and n.3 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997).

    Here, Plaintiff has not alleged that he sought to pursue the type of case protected by the constitutional right of access to the courts; nor has he alleged "actual injury." While it appears that he may have cases pending in Pennsylvania, it is apparent from the attachments to the Complaint that Plaintiff has counsel in those cases. (Pltf's Exhibit A #2). Courts have dismissed access to court challenges of represented prisoners who claim a lack of access to the law library. See Demeter v. Buskirk, 2003 WL 22416045 at *3 (E.D. Pa. Oct. 20, 2003)(unpubl.)(citing

9

Martucci v. Johnson, 944 F.2d 291, 295 (6th Cir. 1991); Davis v. Milwaukee County, 225 F. Supp.2d 967, 973 (E.D. Wis. 2002)); see also Cook v. Boyd, 881 F. Supp. 171, 176 (E.D. Pa. 1995)(stating "[w]here a prisoner is provided an attorney by the state to represent him at a civic hearing, the prisoner's right to access to the courts is vindicated."); Russell v. Hendrick, 376 F. Supp. 158 (E.D. Pa. 1974)(stating that "[i]f a prisoner has reasonable access to legal counsel then he has the means to prepare, serve and file whatever documents are necessary;" and holding that "plaintiff, through counsel, had adequate access to the courts and was not in the least damaged by his inability to do his own legal research to supplement that of his attorney").

Plaintiff's claims regarding legal mail and telephone calls also fail, as Plaintiff has not alleged facts indicating that he requested to mail any correspondence or make any calls and was denied.  In fact, the attachments to the Complaint provide otherwise; that Plaintiff has not made any requests for legal mail or calls.  Thus, he has failed to state a claim for denial of his constitutional right of access to the courts.

**D.    User Fee**

Plaintiff complains that he is required to pay a $50.00 monthly "user fee" while he is confined in the Atlantic County Justice Facility.  Plaintiff provides no other information regarding this fee.  This Court will dismiss this claim, as the

$50.00 fee has been determined to be a nominal surcharge and non-punitive, and does not violate due process.  See <u>Fuentes v. State of New Jersey Office of Public Defenders</u>, 2006 WL 83108 at *8 (D.N.J. Jan. 11, 2006).

### CONCLUSION

For the reasons set forth above, the Complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.[2]  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies described herein, the dismissal will be without prejudice, and Plaintiff may move to reopen the case upon submission of a motion

---

[2] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ...  The dispositive inquiry is whether the district court's order finally resolved the case." <u>Martin v. Brown</u>, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted).  Here, if Plaintiff can correct the deficiencies of his Complaint, he may file a motion to re-open this action in accordance with the attached Order.

to reopen and an amended complaint.[3]  An appropriate order follows.

                                          s/Renée Marie Bumb
                                          RENÉE MARIE BUMB
                                          United States District Judge

Dated: May 30, 2008

---

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.